

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **JOSEPH PEPE**<br>*Senior Counsel*<br>Tel: (212) 356-3173<br>jpepe@law.nyc.gov |

**<u>VIA ECF</u>**

The Honorable Sanket J. Bulsara, Magistrate Judge
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>Daniel Presti. et al. v. City of New York, et al.</u>, 1:21-cv-03811 (PKC)(SJB)

Dear Judge Bulsara:

  I am the Assistant Corporation Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing Defendants in the above-referenced matter. For the reasons set forth herein, Defendants seek a stay of all discovery and adjournment *sine die* of all pending deadlines and appearances, until after resolution of Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. Plaintiffs do not oppose the relief sought herein.

  **I.** **Relevant Facts and Procedural History**

  On July 7, 2021, Plaintiffs filed the Complaint in this action alleging that between December 1 and 6, 2020, Sheriff's Deputies arrested them without probable cause, the City was negligent in the hiring, training, supervision, and retention of members of the Office of the Sheriff of the City of New York and was liable for their conduct under *Monell*, and Defendant Sheriff Joseph Fucito defamed Plaintiff Daniel Presti on December 7, 2020. (ECF No. 1)

  On October 12, 2021, the parties jointly submitted a proposed Fed. R. Civ. P. 26(f) Case Management Plan setting forth discovery deadlines, which the Court adopted on October 15, 2021. (ECF No. 14).

  On October 12, 2021, Defendants submitted a motion for a conference to discuss their anticipated motion to dismiss pursuant to Rules 8 and 12(b), to which Plaintiffs responded in opposition on October 19, 2021. (ECF Nos. 15-16). On October 20, 2021, the Court denied the motion for a premotion conference and directed the parties to submit a proposed briefing schedule for Defendants' anticipated motion to dismiss.

  On December 3, 2021, Defendants submitted a motion cover letter notifying the Court that they had served Plaintiffs with a copy of their motion to dismiss and that Plaintiffs' opposition was due on December 24, 2021. (ECF No. 19).

  On December 23, 2021, Plaintiffs filed the Amended Complaint (ECF No. 20) asserting causes of action for: (1) false arrest under 42 U.S.C. § 1983; (2) false imprisonment under New York State law; (3) excessive force under 42 U.S.C. § 1983; (4) negligent hiring, training,

supervision, and retention; (5) municipal liability under *Monell*; and (6) defamation. The Amended Complaint alleges that on December 1, 2020, Presti was present at Mac's Public House ("Mac's"), a restaurant where he worked as the general manager, with Plaintiff Louis Gelormino, and other clientele of Mac's. Gelormino alleges that he was wrongfully detained and arrested by unnamed deputies from the New York City Sheriff's Office. Plaintiffs also allege that on December 6, 2020, Defendants used excessive force when arresting Presti, after he lead Sheriff's Deputies on car chase with a Sheriff's Deputy clinging to the hood of his car. Plaintiffs also allege that on December 7, 2020, Defendant Sheriff Fucito defamed Presti by declaring that Presti broke a deputy's legs while fleeing arrest, but later confirmed that the deputy actually suffered *fractures* to both legs.

On January 20, 202, Defendants filed an answer to the Amended Complaint. (ECF No. 22).

On March 10, 2022, Defendants filed a motion for a pre-motion conference to discuss their anticipated motion for summary judgment pursuant to Fed. R. Civ. P. 56. (ECF No. 23)

## II.    Legal Basis for Defendants' Motion to Stay Discovery

A district court may stay discovery "for good cause shown," Fed. R. Civ. P. 26(c), and has discretion to impose a stay of discovery pending the determination of a dispositive motion. *See Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987). A potentially dispositive motion warrants a stay of discovery where defendants "raise substantial issues with regard to the viability of plaintiffs' complaint as against defendants and defendants' arguments do not appear to be frivolous or unfounded." *Port Dock and Stone Corp. v. Oldcastle Northeast, Inc.*, 05 Civ. 4294, 2006 U.S. Dist. LEXIS 94944, *5 (E.D.N.Y. Mar. 31, 2006); *see also United States v. Cnty. of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999) (staying discovery where a pending motion to dismiss, "if successful, [would be] dispositive of the entire action"). "In determining whether a stay of discovery is warranted, courts generally consider the following factors: '(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.'" *Rivera v. Inc. Vill. of Farmingdale*, 06 Civ. 2613, 2007 U.S. Dist. LEXIS 99970, at *3 (E.D.N.Y. Oct. 17, 2007) (quoting *Port Dock and Stone Corp.*, 2006 U.S. Dist. LEXIS 94944, at*4).

Plaintiffs' claims against Defendants are legally deficient on a number of grounds. There is every reason to anticipate that the Court will grant Defendants' motion for summary judgment because: (1) Plaintiffs' federal § 1983 and state law claims for false arrest fail because there was probable cause to arrest Gelormino on December 1, 2020[1] and Presti on December 6, 2020;[2] (2) Presti's federal § 1983 excessive force claim fails because alleges he was not injured and the

---

[1] There was probable cause to arrest Gelormino for violating a New York City Department of Health and Mental Hygiene ("DOHMH") order that closed Mac's to any use by the public, which is a misdemeanor as set forth under § 562 of the N.Y.C. Charter when . *See Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007).

[2] There was probable cause to arrest Presti on December 6, 2020 for violating Alcohol Beverage Control Law § 64-b Operating an Unlicensed Bottle Club at Mac's, a misdemeanor to which he pled guilty on December 14, 2021.

deputies acted reasonably in effectuating his arrest;[3] (3) Plaintiffs' claim for negligent hiring, training, supervision, and retention fails because Plaintiffs allege that Sheriff Defendants acted within the scope of their employment; (4) Plaintiff's *Monell* claim fails because their Constitutional rights were not violated, as they allege on December 1 and 6; and (5) Presti's defamation claim fails because he did not file a notice of claim.  Thus, if Defendants' motion is granted, the Complaint will be dismissed in its entirety.

There would be no prejudice to Plaintiffs occasioned by a stay pending resolution of Defendants' motion, where Defendants do not oppose such a stay. However, requiring the parties to engage in discovery in connection with claims that are not likely to withstand motion practice would greatly prejudice Defendants.  Irrefutable records that are available to both Plaintiffs and Defendants, including a 50(h) transcript, criminal court documents and hearing transcripts, and well publicized videos of one the incidents at issue, in addition to the very allegations contained in the Amended Complaint, demonstrate Defendants are entitled to summary judgment.  In light of this evidence, proceeding with discovery, which would include extensive depositions of up to twenty law enforcement officers, will waste Defendants' time and resources, and be unduly burdensome.

### III.   Conclusion

For the foregoing reasons, defendants request a stay of discovery, including an adjournment *sine die* of all pending discovery deadlines and appearances, until after resolution of Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Thank you for your consideration herein.

Respectfully submitted,

**Joseph Pepe, Esq.**
Assistant Corporation Counsel

---

[3] On December 6, 2020 after violating Alc. Bev. Ctrl. Law § 64-b, Presti ran down a Sheriff's deputy with his car, forcing the deputy to grab onto the hood while Presti fled the scene.  Presti led deputies on a car chase, until he was stopped by a Sheriff's vehicle.  As Presti was posing an "immediate threat to the safety of the [deputies] and others" and was "attempting to evade arrest by flight," acted reasonably.  *See Graham v. Connor*, 490 U.S. 386, 396 (1989).  Furthermore, Presti does not allege that he was physically injured, only that he suffered emotional and psychological trauma.  However, the use of force resulting in no physical injury but only emotional pain and suffering is not actionable under § 1983.  *Warren v. Ewanciw*, No. 15 CIV. 8423 (JCM), 2019 WL 589488, at *9 (S.D.N.Y. Feb. 13, 2019)