# EXHIBIT C

John G. Balestriere
Matthew W. Schmidt
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:    (212) 374-5421
Facsimile:    (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestirerefariello.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**DANIEL PRESTI** and **LOUIS GELORMINO,**

                              Plaintiffs,

        - against –

**CITY OF NEW YORK, BILL de BLASIO, MAYOR OF NEW YORK CITY, (in his official capacity), OFFICE OF THE SHERIFF OF THE CITY OF NEW YORK,** Sheriff **JOSEPH FUCITO (individually and in his official capacity),** Sergeant **KENNETH MATOS (individually and in his official capacity),** Sergeant **RICHARD LEBLOND (individually and in his official capacity),** Sergeant **FURNEY CANTEEN (individually and in his official capacity),** Deputy Sheriff **MATT ANSELME (individually and in his official capacity),** and **Deputy Sheriff RUESHIEM JONES (individually and in his official capacity), and other DOES 1– 10,**

                              Defendants.

Case No. 1:21-cv-03811 (PKC)(SJB)


**PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure ("Rule") 34, Plaintiffs Daniel Presti ("Presti") and Louis Gelormino ("Gelormino") hereby serve upon Defendants the City of New York (the "City"), the Office of the Sheriff of the City of New York ("Sheriff's Office"), Mayor Bill de Blasio in his official capacity ("de Blasio"), Sheriff Joseph Fucito in his individual and official capacity ("Fucito"), Sergeant Kenneth Matos in his individual and official capacity ("Matos"), Sergeant Richard LeBlond in his individual and official capacity ("LeBlond"), Sergeant Furney Canteen in his individual and official capacity ("Canteen"), Deputy Sheriff Matt Anselme in his individual and official capacity ("Anselme"), Deputy Sheriff Rueshiem Jones in his individual and official capacity ("Jones"), and Does 1–10 (de Blasio, Fucito, Matos, LeBlond, Anselme, Jones, and Does 1–10, collectively, the "Individual Defendants"; Fucito, Matos, LeBlond, Anselme, Jones, and Does 1–10, collectively, the "Sheriff Defendants") the following requests for production of documents, and requests that Defendants produce and permit the inspection and copying of the following documents by June 24, 2022.

## DEFINITIONS

A.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether written, oral, electronic, or by any other means, or any record or recording of any such transmittal, and shall include, without limitation, emails, letter correspondence, memoranda, instant messages, etc.

B.     "Dispute" means the current action pending between Plaintiffs and Defendants, *Presti, et al. v. City of New York, et al.*, No. 1:21-cv-03811 (PKC)(SJB).

C.     "Document" shall include, without limitation, written, printed, typed,

2

photographed or recorded matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including but not limited to originals (or copies where originals are unavailable) and all non-identical copies of all the foregoing.  The term includes all writings, letters, minutes, correspondence, telegrams, telexes, bulletins, instructions, notes, notations, sound or video recordings of any type, computerized records, electronic or written communications, lists, letters, envelopes, summaries, memoranda, inter-office communications, studies, analyses, manuals, handbooks, books, pamphlets, outlines, reports, catalogues, results of investigations, surveys, contracts, licenses, agreements, working papers, statistical records, ledgers, books of account, vouchers, bills, receipts, invoices,  account statements, checks, check registers, work orders, telephone records, charge slips, time sheets or logs, computer diskettes, tapes or data, stenographers' notebooks, diaries, desk calendars, or papers similar to any of the foregoing, however denominated.  The term also includes all Electronically Stored Information (as defined below), or other data compilation from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form, such as electronic data, videotapes, audiotapes, pictures, voice recordings, MP3 files, e-mail or other electronic communication, whether stored digitally, on personal computers, mobile devices, MP3 players, a computer network or backup system, or computer tapes or disks.

D.      "Incident," "Incident Date, or "Date of Incident" means, unless specified otherwise in a particular request, the date in which the events that triggered the statute of limitations for a particular cause of action took place.

E.      "Person" means, without limitation, a natural person, corporation, partnership, trust, association, joint venture, firm, tenancy-in-common or other business enterprise or legal entity and includes both the singular and the plural.

F.      When referring to a person, to "identify" means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

G.      When referring to documents, to "identify" means to provide, to the extent known, information about the (i) type of document; (ii) its general subject matter; (iii) the date of the document; and (iv) author(s), addressee(s), and recipient(s).

H.      Whenever a request calls for information which is not available to you in the form requested, but is available in another form or can be obtained, at least in part, from other data in your possession, so state and either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

**INSTRUCTIONS FOR REQUESTS FOR DOCUMENT PRODUCTION**

A.      The relevant timeframe of this Request, unless otherwise indicated or agreed to by the parties, is from March 1, 2020, to the present.

B.      Defendants shall produce all documents in its possession, custody, or control, including documents in the possession of those purporting to act, or to have

4

acted, on behalf of the Plaintiffs or those who may have obtained information for or on behalf of the Plaintiffs regarding the subject matter of this case.

C.      Defendants shall produce all documents in native format by means of a cloud data service or FTP (file transfer protocol) server.

D.      "Electronically Stored Information" ("ESI") means any type of information which is created, manipulated, communicated, or stored electronically, without regard to the particular medium in which such ESI is stored, and it includes, without limitation, all information that can be retrieved and examined in digital form with the use of computer hardware and software.

E.      Each document request shall be set forth separately and shall be accorded a separate response.  Each response shall first set forth verbatim the document request to which it is responsive, followed by the Plaintiff's response.

F.      Each and every document request shall be construed independently.  No request shall be construed by reference to any other request if the result is a limitation of the scope of the response to such a request.

G.      If Defendants objects to any request, or part thereof, Defendants must state with specificity all grounds for objecting and respond to the request to the extent that Defendants do not object.  No part of a document request shall be left unanswered merely because an objection is interposed to another part of the document request.

H.      If Defendants are unable to answer any document request, the reasons for Defendants' inability to answer shall be separately stated in detail for each document request.

5

I.      Reference to any entity includes each of its officials, officers, directors, employees, agents, attorneys, departments, subsidiaries, or other persons or entities acting or purporting to act on behalf of the foregoing, whether currently or formerly employed or retained in these capacities, and whether within or without the State of New York.

J.      If any document, or any portion of any document, is withheld under claim of attorney-client privilege or upon any other ground, the person withholding the document shall furnish a list, signed by the person supervising the response to this request, identifying each document withheld and stating with respect to each:

1.      The type of document;

2.      The date of the document;

3.      The author and addressees of the document, along with any other person to whom copies of the document were sent or were to be sent;

4.      The identity of each and every person to whom the document, its contents, or any portion thereof, is known or has been disclosed;

5.      The general subject matter of the document;

6.      Such other information as is sufficient to identify the document; and

7.      The legal ground for withholding each such document.

i.      If the document is withheld on grounds of attorney-client privilege, then each basis for such claim of privilege; or

       ii.      If the document is withheld on any ground other than attorney-client privilege, then each basis on which the person contends justifies withholding the document.

K.    This request is continuing in nature. Defendants must promptly supplement its responses and production to this request as and when additional responsive documents become known or available to the Plaintiffs prior to trial.

<u>**REQUESTS FOR DOCUMENT PRODUCTION**</u>

**DOCUMENT REQUEST NO. 1**: All surveillance video of any kind, including but not limited to NYPD ARGUS cameras and body-worn cameras in Defendants' possession, that is related to the Incidents which are subject of this lawsuit.

**DOCUMENT REQUEST NO. 2**: All annual reports or other records from the New York City Sheriff's Office that reflect statistics related to arrests and/or the nature of arrests made since 2019.

**DOCUMENT REQUEST NO. 3:** All training, manuals, guidebooks, and/or other relevant documents related to effecting arrests from the New York City Sheriff's Office.

**DOCUMENT REQUEST NO. 4:** All communications between the Office of the Mayor of New York City and the New York City Sheriff's Office regarding Plaintiffs and the Incidents which are subject of this lawsuit.

Dated: New York, New York
      May 24, 2022

By: _____
John G. Balestriere
Matthew W. Schmidt
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:     (212) 374-5421
Facsimile:     (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestirerefariello.com
*Attorneys for Plaintiff*

8